UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JAY STETSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:25-cv-00093-RLY-CSW |
| ) | |
| CAHILL STRONG TECH, INC. Clerk's ) | |
| Entry of Default entered on 7/29/2025, ) | |
| ) | |
| Defendant. ) | |

**ORDER SCHEDULING SHOW CAUSE HEARING**

This matter is before the Court on Plaintiff/Judgment-Creditor Jay Stetson's Motion for Order to Show Cause, which was urged during the February 23, 2026, hearing on Plaintiff/Judgment-Creditor's Motion for Proceedings Supplemental. Said Motion is **GRANTED**.

Defendant/Judgment-Debtor must appear and show cause why it should not be held in contempt for its failure to comply with this Court's January 5, 2026 Order (Dkt. 19) requiring Defendant/Judgment-Debtor to appear for the hearing on Plaintiff/Judgment-Creditor's Motion for Proceedings Supplemental scheduled for February 23, 2026, at 11:00 a.m. (Central Time), and to answer Plaintiff/Judgment-Creditor's First Set of Interrogatories on or before February 13, 2026.

Additionally, the corporate representative of Cahill Strong Tech, Inc., d/b/a Crystal Onyx, is **ORDERED** to appear personally before United States Magistrate Judge Crystal S. Wildeman, in **Room 301, Winfield K. Denton Federal Building and U.S. Courthouse, 101 NW Martin Luther King Jr Blvd, Evansville, Indiana 47708** on **April 21, 2026, at 12:00 p.m. (Central Time**), to answer under oath and on the record as to any assets, income, and other non-exempt property of Cahill Strong Tech, Inc., d/b/a Crystal Onyx, which are available to satisfy the judgment.

1

Cahill Strong Tech, Inc., d/b/a Crystal Onyx, is further **ORDERED** to **SHOW CAUSE in writing no later than April 10, 2026**, as to why it should not be held in contempt for failing to appear at the hearing on Plaintiff/Judgment-Creditor's Motion for Proceedings Supplemental and for failing to respond to Plaintiff/Judgment-Creditor's First Set of Interrogatories attached to the Court's prior Order.

Cahill Strong Tech, Inc., d/b/a Crystal Onyx is further **ORDERED** to respond to Plaintiff/Judgment-Creditor's First Set of Interrogatories attached to this Order on or before **April 10, 2026**.

Plaintiff is ordered to notify the Court via a filed Notice **no later than April 15, 2026,** whether Cahill Strong Tech, Inc., d/b/a Crystal Onyx has complied with the directives in this Order.

The Court specifically advises that failure to appear may result in the Court issuing a Writ of Body Attachment, and the U.S. Marshal or its designee to be ordered to take Mr. Cahill into custody pending a show cause hearing.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order on Cahill Strong Tech, Inc. d/b/a Crystal Onyx, *via certified mail*, as well as the individual Anthony Phillip Cahill III at the addresses noted in the distribution list, and file a certificate of service in this case.

**SO ORDERED.**

**Date:** March 10, 2026

_Crystal S. Wildeman_
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

Distributed electronically to ECF registered counsel of record.

(Service to be performed by Plaintiff)


Cahill Strong Tech, Inc. d/b/a Crystal Onyx c/o LegalCorp Solutions, LLC
8520 Allison Pointe Blvd.
Suite 220
Indianapolis, IN, 46250

Cahill Strong Tech, Inc. d/b/a Crystal Onyx
800 Sycamore St., #329
Evansville, IN 47708

Cahill Strong Tech, Inc. d/b/a Crystal Onyx
c/o Anthony Phillip Cahill III
6712 Pennan Ct.
Noblesville, IN 46062

**NOTICE OF CERTAIN EXEMPTIONS AND YOUR RIGHT TO A PROMPT HEARING**

It may be that the Plaintiff has or will give notice to your bank or other person holding property or assets for you of the intent to put a hold on certain accounts held by you, either individually or jointly with another person, including, but not limited to bank, share, and credit union accounts. Under Indiana law, this notice may already have resulted in the placing of a hold on those accounts. UNDER FEDERAL AND STATE LAW, CERTAIN FUNDS ARE EXEMPT FROM GARNISHMENT. THIS MEANS THAT THESE FUNDS MAY NOT BE TAKEN BY CREDITORS EVEN IF THEY HAVE BEEN DEPOSITED INTO YOUR ACCOUNT. SOCIAL SECURITY, SUPPLEMENTAL SECURITY INCOME, VETERANS BENEFITS, CERTAIN DISABILITY PENSION BENEFITS, AND BENEFITS UNDER ANY PENSION PAID FROM A TRUST QUALIFIED UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 CANNOT BE TAKEN. THERE MAY BE OTHER EXEMPTIONS UNDER STATE OR FEDERAL LAW. IF YOU OR ANOTHER PERSON WHO MAINTAINS A JOINT ACCOUNT WITH YOU BELIEVE THAT ALL OR SOME OF THE FUNDS IN THESE ACCOUNTS ARE EXEMPT, YOU OR YOUR JOINT DEPOSITOR ARE ENTITLED TO A PROMPT HEARING IN THIS COURT TO PRESENT EVIDENCE TO ESTABLISH EXEMPTIONS AND TO SEEK REMOVAL OF THE HOLD. To obtain such a hearing, fill in the form marked "Exemption Claim and Request for Hearing" attached hereto and return to this Court either by mail or by personally bringing it to the Court. A copy of that form should also be sent to plaintiff's attorney or to the plaintiff, if the plaintiff is not represented by an attorney, at the address set forth on the next page. A prompt hearing will be scheduled by the Court as soon as possible but generally no later than 5 days (excluding Saturdays, Sundays, and legal holidays) after the completed form is received by the Court. The cause number is located on the first page of this document at the top of the right-hand side. After the hearing, the Court will decide whether all or part of the funds in each account on which a hold has been placed or other accounts in which you have an interest may be taken by Plaintiff. If a joint depositor or you do not request an early hearing, there will be a hearing at the time when you are ordered to appear. At that hearing, you and a joint depositor are entitled to assert any exemptions. However, if a joint depositor or you do not request an early hearing, each account on which a hold has been placed may not be released until the time you are ordered to appear.

Date: March 10, 2026 _____

# EXEMPTION CLAIM AND REQUEST FOR HEARING

### (Send this part to the Court)

TO:   HON. CRYSTAL S. WILDEMAN, JUDGE OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF INDIANA, EVANSVILLE DIVISION

Re:   Cause No. 3:25-CV-00093-RLY-CSW

I believe that all or part of the money in my account(s) that may have been frozen cannot be frozen since the account(s) contain exempt funds. I would like a hearing at the earliest time.

_____

(Signature)

_____

(Address)

_____

(Printed Name)

_____

(Phone During Business Hours)

Check One:   _____ I am the judgment defendant.

_____ I maintain an account with the judgment defendant.

# EXEMPTION CLAIM AND REQUEST FOR HEARING
## (Send this part to Plaintiff's attorney)

To:    Anthony S. Ridolfo
Christopher J. Hammerle Jacob P. Eckhardt
HACKMAN HULETT LLP
135 N. Pennsylvania St., Suite 1610
Indianapolis, IN 46204

Re:    Cause No. 3:25-CV-00093-RLY-CSW

    I believe that all or part of the money in my account(s) that may have been frozen cannot be frozen since the account(s) contain exempt funds. I would like a hearing at the earliest time.

_____

(Signature)

_____

(Address)

_____

(Printed Name)

_____

(Phone During Business Hours)

    Check One:    _____I am the judgment defendant.

                              _____I maintain an account with the judgment defendant.